(Superior Court of Cincinnati—General Term.)

A. Y. REID, Trustee. v. HIRAM S. MATHERS et al.

Defective findings of fact—Lease construed as to payment of street assessments levied and not yet due.

(Decided November, 1895.)

SMITH, J.

This is a proceeding in error to reverse the judgment of this court in Special Term.

The action below was for specific performance, and sought to compel the defendants to execute and deliver to plaintiff deeds to certain pieces of realty in this county.   It appears from the undisputed evidence in the case that in the year 1889 the defendants in this case, viz: Hiram S. Mathers, George Mathers, Warren Mathers and Richard Mathers, leased to Joseph H. Barker and John A. Hoesman for ten years a large tract of land in this county, in the neighborhood of the Duckcreek road; that the lease was made in consideration of $30,000 paid to the lessors by the lessees, and that the lease contained the following clause giving to the lessees a privilege of purchase for all or a part of the property:

"And the said lessors for themselves and for their heirs, executors, administrators and assigns further covenant and agree to and with the said lessees, their heirs and assigns, all rents, taxes and assessments being paid and all covenants being performed by said lessees as herein stipulated, said lessors will at any time during the continuance of this lease convey to the lessees, their heirs or assigns, by good and sufficient deeds of general warranty, with release of dower, any part of said property, containing not less than 8,500 square feet, upon the payment to them by the said lessees, their heirs or assigns, therefor, at the rate of $1,750 per acre for the first twenty acres so conveyed, and at the rate of $1,500 per acre for so much of the remainder as will make the total sum so paid under the privilege of purchase $124,873.50."

There is a further provision in the lease that "upon payment by the lessees, their heirs or assigns, for any part of said tract as aforesaid, the rent herein reserved is to be reduced pro rata on and after the date of any such payment."

It further appears from the bill of exceptions that in 1891 this lease was assigned by the lessees, Barker & Hoesman, to the plaintiff herein, A. Y. Reid, trustee; that he is now the lessee under the same, and that he has expended in the improvement of the property in the neighborhood of $100,000.00.

It further appears that said Reid demanded that the defendants execute to him deeds to certain parts of the property covered by the lease, and that the defendants refused so to do upon the ground that he had not complied with the terms of the lease, which provided for the payment of taxes and assessments by the lessee before the lessor became obligated to execute deeds.

Upon the hearing below the court rendered judgment in favor of the defendants, and being specially requested to state separately its finding of fact and law, made the following as to its finding of facts:

The court finds the following facts: "That the right of the plaintiff to maintain this action depends upon the privilege of purchase as reserved in a lease made on the eighteenth day of June, 1889, between the defendants as lessors and Joseph A. Barker and John A. Hoesman, trustees, as lessees, which lease included the property described in the petition, and of which lease the plaintiff is the assignee; that when this action was brought, taxes and also assessments which had been levied and assessed upon said property, had not been paid within the meaning of the covenant of the defendants to convey said property."

Exceptions were taken to all the facts of the decree, and covered also the findings of fact.

That the findings of fact are defective and imperfect in omitting to state facts and in merely stating that the taxes and assessments had not been paid "within the meaning of the covenant" of the lease, without stating what meaning the court gave to this covenant of the lease, admits, we think, of no doubt.

But the law of this state is well settled that "when a party requests that the court state separately the conclusions of law and fact under section 5205 Revised Statutes, and the request is not complied with, a judgment against such party should be reversed unless it appears from the record that he was not prejudiced by the refusal. Oxford Tp. v. Columbia, 38 Ohio St. 87. The judgment in this case, therefore, must be reversed unless it appears from the undisputed evidence in the case that the defendants were entitled to the judgment. In addition to the facts previously stated, it appears from the bill of exceptions that the plaintiff subdivided the property, and in connection with the defendants dedicated the streets of the sub-division, and that subsequently the defendants joined with the plaintiff in petitioning the village council of Norwood to improve many of the same, but not all of them, upon the ten year installment plan. In the case of those streets as to which the defendants asked for the improvement, the same were had and assessments made in the manner prayed for. Other streets were improved upon the ten year plan without any request of the defendants. The assessments amount to about $80,000.

The lots in regard to which deeds are prayed for are known respectively as the Sajelke lot, the pressed brick yard lot, and lots abutting upon the Smith road.

There were no street assessments upon the Sajelke lot or the pressed brick yard lot; but there were street assessments upon the Smith road lots payable in ten annual installments; but the improvement of the same had not been petitioned for by the defendants.

In regard to the Sajelke lot and the pressed brick yard lot, the evidence is that at the time of trial all the taxes had been paid upon the same, and as to the Smith road lot all the assessments then due had been paid.

The construction of the lease urged by the defendants, and as we are informed by counsel, adopted by the court, was that plaintiff was not entitled to a deed for a single lot of this sub-division until not only all the taxes levied upon such lot had been paid, but until all the asessments, amounting to $80,000, had been paid and cancelled.

We do not regard such a construction of this lease as the true one, or as expressive of the intention of the parties. On the contrary, taking the terms of the lease itself, which contemplates deeds to parts of the property from time to time, and reading it in connection with the well understood intention of the plaintiff to subdivide and sell, we believe the terms of the lease are fully complied with, and the plaintiff is entitled to a deed provided he has paid all the taxes levied and assessed against the partic-

ular property for which he asks a deed. Such a construction facilitates the execution of the purpose the plaintiff had in mind in the making of the lease, and also fully protects the lessors.

As in this case the testimony is undisputed that at the time of trial all the taxes charged against he Sajelke and pressed brick yard lots had been paid, the plaintiff was entitled to a judgment although it was discretionary with the court to have apportioned or awarded the costs of the action as it saw fit. As, however, there is no special finding of facts with reference to these lots which would enable us to reverse the judgment as to them and enter up the proper judgment here, the entire judgment must be reversed, and the case sent for re-trial.

The case with reference to the lots abutting upon the Smith road, is different from that of the two lots just referred to, for the reason that there were and are street assessments upon these lots; and, although it appears that at the time of the trial all those due had been paid, yet it also appears that there were some still outstanding which were a lien upon the property, but which had not been paid because not due. We do not find it necessary at this time to express any opinion as to the right of the defendants to have paid all street assessments levied on the ten year plan upon any lots covered by this lease before the lessees can demand a deed for the same, and this is true both as to lots abutting upon the street where the improvement was petitioned for, and where it was not.

Because, assuming for the sake of argument that all of these assessments should be first paid before the lessee could demand or be entitled to a deed, yet it was clearly within the power of the defendants subsequently to have modified the lease or waived the terms in this respect, and there is evidence in the case—rebutting evidence of A. Y. Reid—tending to prove that such an agreement or waiver was made by Hiram Mathers, and this evidence is not denied by the defendants. There is also evidence tending to show that Hiram Mathers was the agent of all the defendants.

In the absence of any specific finding of facts by the court upon the point as to whether the defendants did subsequently agree to give deeds excepting from the warranty these unpaid assessments, we are unable to say that no such agreement or waiver was made; and inasmuch as the plaintiff, in case a valid agreement or waiver of this character was made, would have been entitled to a decree, even if under the terms of the original lease he was compelled to pay all the assessments levied and not due, we are unable to say, even as to the lots abutting on the Smith road, that the omission to properly make a finding of facts was not prejudicial to plaintiff in error.

The judgment of the court below will be reversed, and the cause remanded for a new trial.

F. W. Browne and W. E. Bundy, for plaintiff.

C. B. Wilby, for defendants.

Moore and Wilson, JJ., concur.